LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,

v.

CIDEGA MACHINE MANUFACTURING CO., INC., Cidega Manufacturing, Inc., Joan Fabrics Corporation, Dennis Crane, and Patricia Crane, Defendants.

No. 86 Civ. 0351(PNL).

United States District Court, S.D. New York.

June 24, 1986.

Rende, Ryan & Downes, White Plains, N.Y., for plaintiff.

The Jacob D. Fuchsberg Law Firm, New York City, for defendant Cidega Mfg., Inc.

J. Russell Clune, P.C., Harrison, N.Y., for defendant Joan Fabrics Corp.

LEVAL, District Judge.

The motion to remand to New York State court is granted.

This action arises out of an industrial injury suffered by Dennis Crane, a resident of New York, allegedly caused by a knitting machine manufactured by Cidega Manufacturing Co. Inc.'s predecessor. Crane and his wife brought an action in New York State Supreme Court, Rockland County against Cidega, its predecessor and its parent Joan Fabrics Corp. Thereafter, plaintiff, Liberty Mutual Insurance Company, a Massachusetts insurer, brought this action in New York Supreme Court, Rockland, against all the parties to the Crane action, seeking a declaration that it is not liable to any of the parties to the Crane action (by virtue of an insurance policy of Liberty in favor of Cidega) and is not responsible for furnishing a defense to Cidega.

Cidega then caused the removal of Liberty's action to this court based on the diversity existing between itself (New Jersey) and Liberty (Massachusetts).

Liberty and Joan Fabrics move for remand to New York State court, alleging at least two bases. First, under 28 U.S.C. § 1441(b) (second sentence), a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Liberty points out that the Cranes are defendants in its action and are citizens of New York, the state in which the action was brought, making removal unavailable.

Second, they argue that complete diversity is lacking inasmuch as defendant Joan Fabrics Corp. has its principal place of business in Massachusetts, the state of plaintiff Liberty's incorporation.

Cidega, the removing party, seeks to rely on § 1441(c):

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all mat-

ters not otherwise within its original jurisdiction.

It argues that since Liberty's policy, which Liberty seeks to have interpreted, runs only in favor of Cidega, the action between Liberty and Cidega is "separate and independent" from any other aspect of the dispute. It argues, furthermore, that the Cranes and Joan are but nominal parties in Liberty's action.

■■■ This contention fails. Liberty's action for declaration of non-liability to the Cranes is not separate and independent from its action for declaration of non-liability to Cidega arising out of Crane's injury. The two claims turn on the same facts and the same contract of insurance. The fact that, depending which state's law is deemed to govern the issue, the Cranes might or might not have a direct cause of action against Liberty to enforce Cidega's policy after receiving judgment against Cidega does not make the dispute between Liberty and the Cranes "separate and independent" from its dispute on the identical facts and contract against Cidega. Cidega, furthermore, could theoretically be subjected to inconsistency of judgments if one court determined that it was not liable to indemnify Cidega on Crane's injury, while another court held in Crane's favor that Crane was entitled to recover directly from Liberty on Cidega's policy.

Because of the inapplicability of § 1441(c), the second sentence of § 1441(b) governs and the Cranes' New York residence bars removal.

I therefore need not consider the further question whether Joan Fabrics' Massachusetts citizenship also bars removal by destroying diversity.

■■■ Cidega makes an additional claim that it is entitled to remove because it would have been entitled to file its counterclaim against Liberty (for coverage and defense) as a diversity action in the federal court. Indeed it might, but that does not make Liberty's action removable in contravention of § 1441(b).

The action is ordered remanded to the New York Supreme Court, Rockland County.